# Venango County v. Penn Bridge Company, Appellant.

*Bridges—Counties—Contracts—Publication of specifications—Approval by court—Act of April 4, 1870, P. L. 834.*

A contract entered into by county commissioners for the construction of a county bridge will be declared invalid where it appears that, in violation of the Act of April 4, 1870, P. L. 834, the specifications were not written or printed in a book kept for public inspection, for four weeks prior to the opening of the bids, and that the contract and the sureties for its performance were not approved by a judge of the court of common pleas of the county.

Argued March 13, 1906. Appeal, No. 157, Oct. T., 1905, by defendant, from decree of C. P. Venango Co., Equity Docket, No. 3, Aug. T., 1903, on bill in equity in case of Venango County v. Penn Bridge Company and R. A. Bigley. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity to declare a contract void. Before CRISWELL, P. J.

The court filed the following opinion:

The act of April 4, 1870, " relative to contracts by county commissioners in certain counties of this commonwealth," by its terms applies to the county of Venango. That it remains in force and unrepealed is not questioned. Its first section relates to contracts for the erection of any new building or buildings, bridge or bridges, and provides that before making any such contracts the county commissioners shall invite sealed proposals for the erection of the building or bridge proposed to be erected according to specifications " which shall be written or printed in a book to be kept by the commissioners for

that purpose, and be kept open for the inspection of all persons for at least four weeks before the time appointed by said advertisement for the opening of said sealed proposals, and which, at the time fixed, shall be publicly opened and the contract awarded to the lowest bidder or bidders, who shall, within ten days thereafter, give security to said commissioners for the faithful performance of said contract according to said specifications. Provided that no contract shall be awarded by county commissioners until the same, with the sureties for its faithful performance, shall be approved by one of the judges of the court of common pleas of the proper county."

The second section provides that any violation of the first section by the commissioners shall be a misdemeanor punishable by fine.

It has been suggested that inasmuch as the second section of the act provides a penalty for a breach or violation of the first section thereof, that no other consequence ensues. It is a well-established rule that where a statute imposes a duty where none existed before, the presumption is that the remedy provided therein for the breach of the duty is exclusive : Mack *v*. Wright, 180 Pa. 472. But this act provides something more than a duty. It imposes not only the duty of advertising and letting such contracts to the lowest bidder, upon specifications to be written or printed in a book, to be kept for the purpose, for at least four weeks before the time appointed for the opening of the bids, but it also distinctly provides that no contract shall be awarded until the same, with the sureties for its faithful performance, shall have been approved by one of the judges of the court of common pleas. It, therefore, limits the power of the commissioners to contract. It makes it unlawful for them to contract otherwise than in the method prescribed by the statute, and provides that it shall be a misdemeanor for them to so do. It is a general rule, and needs no citation of authority to support it, that a contract entered into in violation of law, cannot be enforced ; authorities, however, are not wanting. " Every contract made by or about a matter or thing which is prohibited and made unlawful by statute, is a void contract though the statute itself doth not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition though there are no prohibitory

words in the statute : " Mitchell v. Smith, 1 Binney, 110. It thus appears that the rule is broader and of more general application than is necessary to meet the facts in question, in that it extends to cases where there are no prohibitory words in the statute. In the act of 1870 there are prohibitory words, as it is expressly provided that without the approval of a judge no contract shall be awarded. In the absence, therefore, of the penal section it would clearly appear that the contract was not only unlawful but forbidden. This prohibition relates to the particular thing done by the commissioners and not to something collateral thereto and connected therewith, as in the cases cited by defendants' counsel. Approval by a judge is a condition precedent to the valid existence of a contract. See also Endlich on Interpretation of Statutes, sec. 431.

In this connection it is gratifying to be able to refer to a recent adjudication by the Superior Court, in which the particular act now in question, its purpose and effect, was considered. We refer to the case of Commonwealth v. Brown, 25 Pa. Superior Ct. 269, appealed from the court of common pleas of Westmoreland county. It is there stated that the purpose of the statute is " to secure competitive bidding upon equal terms, under conditions which give to all bidders full and accurate information as to the character of the work to be performed. The means used to accomplish the end are the two requirements, (*a*) that the specifications shall be a matter of public record for at least four weeks before the opening of the bids ; (*b*) that the commissioners shall by public advertisement printed in not less than two weekly newspapers of the county for not less than four weeks, invite sealed proposals for the same according to the specifications." Strict compliance with these requirements are indicated as necessary. In the case now under consideration there was not only not strict compliance with the provisions of the act quoted, but no compliance whatever with the requirement that the specifications should be a matter of public record, and other equally important provisions of the act. The contract was awarded and entered into in the face of the prohibition that it should not be " until the same, with the sureties for its faithful performance, shall be approved by one of the judges of the court of common pleas of the proper county." In view of this fact further discussion of the ques-

tion would appear to be unnecessary. The consequences of such flagrant disregard of the provisions of the act appear to be well illustrated by the findings of fact above noted. Instead of securing competitive bidding upon equal terms, under conditions which gave to all bidders full and accurate information as to the character of the work to be performed, the competition was not fair and upon equal terms, and the commissioners themselves appear to be unable to state what the character of the work to be performed was, that is, whether the piers were to be forty feet long or fifty feet and six inches long, or whether they were to be some eleven and others twelve feet thick, or all were to be eighteen feet thick.

In view of these conclusions, which to our mind are not assailable, we deem it unnecessary to consider the legal effect of other facts covered by the foregoing findings, or whether or not under them the plaintiff has an adequate remedy at law under the act of 1836 providing for an inspection of the bridge after alleged completion by the contractor, except to say that clearly the latter act provides no adequate or sufficient remedy. It provides no remedy whatever for the lack of due publicity and certainty as to the plans or the want of fair and honest competition at the letting. It follows, therefore, that the contract should be adjudged void, and, as the bridge to be erected is a county bridge, that an injunction should issue restraining the defendants from in any way interfering with the site thereof.

Under the act of 1870 the commissioners had no power to award the contract before the approval of the same, as provided in the act, had been secured. This being the law, both the commissioners and the bridge company were bound to take notice of it. They were, therefore, both at fault in attempting to consummate the contract without such approval. We are, therefore, of the opinion that one-half of the costs should be paid by the county and one-half by the Penn Bridge Company.

Counsel may prepare a decree in harmony with the foregoing findings and opinion.

*Error assigned* was the decree of the court.

*P. M. Spear*, of *Ash & Spear* and *J. H. Osmer*, of *J. H. Osmer & Sons*, with them *C. I. Heydrick*, for appellants.

*J. S. Carmichael*, with him *Hugh C. Dorworth* and *F. A. Sayers*, for appellee.

PER CURIAM, May 14, 1906 :

Decree affirmed on the opinion of the court below on the question of law.